Israel G. Torres (#020303)
James E. Barton II (#023888)
Saman J. Golestan (#031710)
Kirin T. Goff (#034356)
TORRES LAW GROUP, PLLC
2239 West Baseline Road
Tempe, Arizona 85283
480.588.6120
James@TheTorresFirm.com
Saman@TheTorresFirm.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Faculty Executive Council of the Maricopa County Community College District, a non-profit corporation, Keith Heffner, Michael Mitchell, Camille Newton, John Schampel, and Barry Vaughan,<br><br>Plaintiffs,<br><br>v.<br><br>Maricopa County Community College District, a body politic; Laurin Hendrix, Jean McGrath, Johanna Haver, and Tracy Livingston, each in their personal capacity and official capacity as members of Maricopa County Community College District Governing Board; Linda Thor, Dana Saar, and Tom Nerini, each in their official capacity as members of Maricopa County Community College District Governing Board; Maria Harper-Marinick, in her personal and official capacity as Chancellor; and Karla Fisher, in her personal and official capacity as Provost,<br><br>Defendants. | No.<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR DAMAGES |

Plaintiffs, the Faculty Executive Council of the Maricopa County Community College District, ("Faculty Association"), Keith Heffner, Michael Mitchell, Camille Newton, John Schampel, and Barry Vaughan, by and through undersigned counsel, allege as follows:

## INTRODUCTION

This action is brought under 42 U.S.C. § 1983, the First and Fourteenth Amendments of the United States Constitution, Article 2, Section 6 of Arizona's Constitution and Arizona Revised Statutes, Sections 15-1864 and 1865.  The action seeks damages as a result of actions taken by Defendants, for and on behalf of themselves and as members of the Governing Board of the Maricopa County Community College District, on behalf of the Maricopa County Community College District.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and the laws of the United States. This Court also has jurisdiction under 28 U.S.C. § 1343 (a)(3) because this action seeks to relieve the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States. Lastly, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the state law claims arise under the same nucleus of operative facts as the federal law claims and "are so related to claims in the action within such jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

2.      Venue is in the District Court for the District of Arizona pursuant to 28 U.S.C. § 1391 because Defendants reside in this District and all acts, omissions, and transactions occurred as referenced herein within this District.

**PARTIES**

3.      Plaintiff Faculty Association is a non-profit incorporated in the State of Arizona, doing business within the District and representing approximately 936 residential faculty members.

4.      Plaintiffs Keith Heffner, Michael Mitchell, and John Schampel are individual members of the Faculty Association and were serving as board members of the association at all times referenced herein, as president elect, president, and/or past president.  Each had been "granted annual load hour reassignments to prepare for and participate in college and district educational policy making and other activities beneficial to achieving the district's vision, mission, and values." ("Reassign Time").

5.      Plaintiff Camille Newton is a professor, serves as the Faculty Senate President at South Mountain Community College, and has been granted Reassign Time.

6.      Plaintiff Barry Vaughan is the Chair of the Maricopa Colleges Faculty PAC ("FAC PAC").

7.      Defendant Maricopa County Community College District (the "District") is a political subdivision of the State of Arizona and, as such, is subject to suit under all referenced sections of the United States Code, Arizona Revised Statutes, United States Constitution, and Arizona Constitution.

8.     Defendants Laurin Hendrix, Jean McGrath, Johanna Haver, and Tracy Livingston are individual members of the District Governing Board and are sued in their official and personal capacity for actions as described herein, all taken while operating under color of law.

9.     Defendants Dana Saar, Linda Thor, and Tom Nerini are individual members of the District Governing Board, none of whom voted for the February 27, 2018, resolution, and are sued in their official capacity only.

10.    Defendant Maria Harper-Marinick is Chancellor of the District and is sued in her official and personal capacity for her actions as described herein, all taken while operating under color of law.

11.    Defendant Karla Fisher is Provost of the District and is sued in her official and personal capacity for her actions as described herein, all taken while operating under color of law.

**GENERAL ALLEGATIONS**

12.    The Faculty Association is the nonexclusive representative of the District Residential Faculty.

13.    The majority of the residential faculty are voluntary, dues-paying members of the Faculty Association.

14.    The Faculty Association has served in this capacity since approximately 1965, spending significant financial and human resources representing the interests of every residential faculty employee, including those who are not members of the association.

15.     In representing residential faculty in the meet and confer process guaranteed by the contract between the parties, known as the Residential Faculty Policies (the "RFP"), the Faculty Association negotiates with the District on matters pertaining to work conditions and due process.

16.     As a part of the contract, the Faculty Association secured such contract Reassign Time.

17.     The Faculty Association President is a Reassign-Time designee.

18.     The meet and confer process engaged in by the parties resulted in a contract between the parties, ratified by residential faculty and adopted by the Chancellor on behalf of the District, the term of which was from July 1, 2017 to July 30, 2018.

19.      The Faculty Association established FAC PAC pursuant to state law, for the purpose of influencing the elections of importance to the Faculty Association.

20.     Prior to February 27, 2018, emails were exchanged between governing board members expressing intent to address "union membership" as a matter of District business.

21.     Governing Board members recognized that employee rights, including those asserted collectively through a union or similar organization, was a public controversy of the day within the District.

22.     Upon information and belief, discovery, including under oath testimony and document discovery, will reveal more extensive and pervasive anti-union animus than is currently known to Plaintiffs.

23.     On February 27, 2018, Defendants Hendrix, McGrath, Haver, and Livingston (the "Resolution Supporters") voted to enact a resolution attempting to unilaterally eliminate certain sections of the RFP (the "Resolution").

24.     In particular, the Resolution eliminated the meet and confer process as set forth in Sections 1.2 and 7.6, and it eliminated Reassign Time, set forth in Section 2.12.1, for any member of the Faculty Association, including Plaintiffs Heffner, Mitchell, and Schampel, and for any employee of the District who then participated in the meet and confer process.

25.     The Resolution Supporters justified breaching the RFP's contractual obligation as relates to the meet and confer process by referencing A.R.S. § 15-1444, which relates to collective bargaining.

26.     Defendant Hendrix claimed, in defense of the Resolution, that the provision outlawed meeting and conferring.

27.     FAC PAC opposed Defendant Hendrix's election in the most recent board election before he proposed the Resolution.

28.     During the February 27, 2018, meeting, a substantial change was made to the resolution without a second read.

29.     Upon information and belief, the Resolution was, in part, an attempt to eliminate the Faculty Association's political influence.

30.     Upon information and belief, the Resolution Supporters' support of the Resolution was based on anti-union animus.

31.     Upon information and belief, review of public records of communications, including email, text, and other messaging platforms, among Governing Board members and sworn deposition testimony will further support the assertion that the Resolution itself was the product of anti-union animus.

32.     Defendant Hendrix claimed that the Plaintiffs violated A.R.S. § 15-1444 and other laws because a Faculty Association member allegedly drafted an email designed for fundraising purposes on District time.

33.     Defendant Hendrix intentionally mischaracterized and falsely described the email and the circumstance of its creation.

34.     The email was not written on District's time.  The referenced email was not created nor was there any effort to engage in fundraising activities during the hours of accountability or in the capacity of residential faculty for the District.

35.     Plaintiff Vaughan, in the exercise of his First Amendment freedoms of association and speech, drafted and transmitted the email outside the hours of accountability.

36.     The email plainly addressed a matter of public controversy within the District.

37.     The Resolution attempted to unilaterally extend the contract between the parties to October 31, 2018.

38.     Upon information and belief, Defendant Harper-Marinick directed Defendant Fisher to issue a gag order, still in effect, banning discussions of Faculty Association business by residential faculty during "business hours."

39.     On February 28, 2018, Defendant Fisher issued a gag order, still in effect, prohibiting "any FEC or Faculty Association related work *or conversations* during business hours," (emphasis added) and directed supervisors to disseminate the order to residential faculty members.

40.     Defendant Harper-Marinick opposed Plaintiffs Heffner, Mitchell, and Schampel's participation in the ad hoc task force to interpret the meaning and impact of the Resolution solely because of their membership in the Faculty Association.

41.     Defendant Harper-Marinick ceased participating in regular meetings with Faculty Association leadership in order to undermine the Faculty Association's ability to carry out its primary purpose.

42.     The Faculty Association members are suffering an immediate and threatened injury as a result of the actions challenged herein.

43.     The relief sought in this action does not make any individual member of the Faculty Association an indispensable party necessary to achieve a proper resolution of the complaint.

44.     Upon information and belief, the actions taken by the Governing Board were consistent with a policy or custom of disregard for the substantive rights guaranteed under the United States Constitution and the Arizona Constitution and the rights of Academic Freedom of faculty members.

45.     As established below, Plaintiffs have a clear legal right to an injunction against the District's conduct.

46.     Furthermore, no adequate remedy at law exists for the District's continued restrictions on Defendants' exercise of protected activity.

47.     Finally, irreparable harm will arise absent the injunctive relief sought.

**FIRST CLAIM FOR RELIEF**
**Violation of Freedom of Speech, U.S. Const., Amend. I; 42 U.S.C. § 1983**

48.     Plaintiffs incorporate the allegations set forth above as though fully set forth herein.

49.     The First Amendment protects against State infringement of the exercise of free speech.

50.     Under Section 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."

51.     The actions of the Defendants violate section 1983 of the Civil Rights Act of 1871 and the United States Constitution because they were done in retaliation for civic and public involvement through the exercise of speech and freedoms of association by the Faculty Association members, including the individually named Plaintiffs, in matters of public concern brought to the attention of the Defendants and the individuals on the governing board.  The specific actions in violation include removing meet and confer, Reassign Time; and banning discussions of Faculty Association matters during business hours; and excluding Plaintiffs Heffner, Mitchell, and Schampel and all Faculty Meet and

Confer team members from any attempts to interpret the meaning or impact of the Resolution.

52.     These claims are brought against the individual members of the Resolution Supporters in their individual capacities.   The claims are brought against Defendants Harper-Marinick and Fisher in their personal and official capacity.

53.     To the extent that these actions were taken as a result of a policy and custom of disregard of Faculty Association rights by the District, these claims are brought against the District.

54.     All actions were taken under color of law and accomplished by adoption and implementation of a policy that was retaliatory and discriminatory on its face and in its application.

55.     Defendants' actions violate 42 U.S.C. § 1983 and the First Amendment of the United States Constitution by denying freedom of speech to the named Plaintiffs and each member represented by the Faculty Association.

### SECOND CLAIM FOR RELIEF
### Violation of Freedom of Association,
### U.S. Const., Amend. I; 42 U.S.C. § 1983

56.     Plaintiffs incorporate the allegations set forth above as though fully set forth herein.

57.     The actions as afore-described, in violation of 42 U.S.C. § 1983 and the First Amendment of the United States and Arizona Constitutions have violated the freedom of association guaranteed therein in that the District and other named Defendants, individually and in their official and/or personal capacities, as designated, have engaged in

retaliation, and interfered with the exercise of fundamental constitutional rights, under color of law by adopting and implementing the Resolution.

58.     The removal of Reassign Time, the exclusion of Faculty Association leadership from the efforts to interpret the Resolution, and the discontinuing of meeting with the Faculty Association were all punitive measures attempting to undermine the association's ability to carry out its function, and to interfere with the Faculty Association members' right to associate.

59.     These claims are brought against the individual members of the Resolution Supporters in their individual capacities.   The claims are brought against Defendants Harper-Marinick and Fisher in their personal and official capacity.

60.     To the extent that these actions were taken as a result of a policy and custom of disregard of Faculty Association rights by the District, these claims are brought against the District.

61.     All actions were taken under color of law and accomplished by adoption and implementation of a policy that was retaliatory and discriminatory on its face and in its application.

62.     Defendants' actions violate 42 U.S.C. § 1983 and the First Amendment of the United States Constitution by denying freedom of association to the named Plaintiffs and each member represented by the Faculty Association.

1

2

**THIRD CLAIM FOR RELIEF**
**Violation of Academic Free Speech**
**Ariz. Const. art. II, § 6; A.R.S. §§ 15-1864, -1865**

3

4

63.     Plaintiffs incorporate the allegations set forth above as though fully set forth

herein.

5

6

7

8

64.     Article II, Section 6 of the Arizona Constitution provides that, "[e]very person may freely speak, write, and publish on all subjects, being responsible for the abuse of that right."

9

10

11

12

65.     Arizona Revised Statutes, Section 15-1865 states, "Subject to reasonable time, place and manner restrictions, a community college or university may not limit any area on campus where free speech may be exercised."

13

14

15

16

17

18

66.     Arizona Revised Statutes, Section 15-1864(C) provides that, "[a] person who is lawfully present on a university or community college campus may protest or demonstrate on that campus.   Individual conduct that materially and substantially infringes on the rights of other persons to engage in or listen to expressive activity is not allowed and is subject to sanction."

19

20

21

22

23

24

25

26

67.     This section further provides that "a faculty or staff member of a university or community college may take a position on the public policy controversies of the day, but the institution is encouraged to attempt to remain neutral, as an institution, on the public policy controversies of the day unless the administrative decisions on such issues are essential to the day-to-day functioning of the university or community college." *Id*. at (G).

27

28

68.     "The university or community college may not take action, as an institution, on the public policy controversies of the day in a way that requires students or faculty

members to publicly express or endorse a particular view of a public policy controversy."
*Id*. at (H).

69.     This section provides a private right of action in a court of competent jurisdiction to enjoin any violation of the article and mandates that "[t]he court shall also award damages of one thousand dollars or actual damages, whichever is greater."  *Id*. at (I)-(J).

70.     The Maricopa County Community College District Human Resources Division published "Residential Faculty Policies 2017-2018." In Section 3.1, under "Rights of Members," it says "…when Faculty express themselves as citizens or as public employees, they shall be free from institutional censorship or discipline….When acting as public employees, Faculty will be allowed to speak freely on all matters of institutional governance, as is necessary to support a robust system of shared governance."

71.     The "Professional Code of Ethics," attached to "Residential Faculty Policies 2017-2018" as Exhibit H says "Although professors observe the stated regulations of the institution, provided the regulations do not contravene academic freedom, they maintain their right to criticize respectfully and seek revision."

72.     Defendants took part in a public policy controversy in a manner that violates A.R.S. § 15-1864(C).

73.     The afore-described actions of Defendants violate A.R.S. § 15-1865 by limiting free speech on campus.

74.     Defendants' actions violate A.R.S. § 15-1864(C) by infringing on the rights of persons to engage in and listen to expressive activity.

75.     Defendants' actions violate their own policies in the "Residential Faculty Policies 2017-2018" and the "Professional Code of Ethics."

**FOURTH CLAIM FOR RELIEF**
**Violation of the Fourteenth Amendment Equal Protection Clause**

76.     Plaintiffs incorporate the allegations set forth above as though fully set forth herein.

77.     The Equal Protection Clause of the Fourteenth Amendment prohibits government actors from treating similarly situated groups differently.

78.     Defendants' Resolution eliminated the use of Reassign Time for Faculty Association representatives for time spent doing business on behalf of the Faculty Association during business hours for the District, thereby hindering the Faculty Association's ability to exercise their First Amendment right to free speech and to associate for a common purpose.  However, at the same time, the Defendants authorized Adjunct Faculty Association representatives' time equivalent to Reassign Time to be spent doing business on behalf of their association.

79.     The afore-described actions of the Defendants violate section 1983 of the Civil Rights Act of 1871 and the United States Constitution by treating similarly situated Plaintiff Faculty Association and the Adjunct Faculty Association differently.

80.     Defendants' actions were done under color of law and accomplished by adoption and implementation of a policy that was discriminatory on its face and in its application.

81.     The Defendants' disparate and selective treatment of Plaintiff's was done without a rational basis.

82. The Defendants' discriminatory policy of paying the Adjunct Faculty Association for its reassign time and not the Plaintiff Faculty Association for the same use of time violated the Faculty Association's right to equal treatment as guaranteed by the Equal Protection Clause for the Fourteen Amendment of the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A declaration that the Resolution of February 27, 2018 is an unconstitutional violation of the First Amendment guarantee of freedom of association, the First Amendment guarantee of freedom of speech, the Fourteenth Amendment guarantee of equal protection, and 42 U.S.C. § 1983 and, therefore, unlawful and invalid as applied to the Plaintiffs.

B. An injunction enjoining Defendants against the further implementation of said Resolution.

C. Compensatory damages for loss of Reassign Time;

D. Statutory damage pursuant to Arizona Revised Statutes, Section 15-1864 for each represented faculty member;

E. Punitive damages for the intentional disregard for the rights and obligations under the First Amendment and the U.S. and Arizona Constitutions;

F. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

G. For such other and further relief as the Court deems just and proper.

///

///

///

1    Respectfully submitted,

2         Dated this 13th day of December, 2018.

3                                        _/s/ James E. Barton II_____
4                                        James E. Barton II
                                         Saman J. Golestan
5                                        Kirin T. Goff
                                         TORRES LAW GROUP, PLLC
6                                        2239 West Baseline Road
                                         Tempe, Arizona 85283
7                                        602.626.8805
                                         602.626.8889 (fax)
8                                        James@TheTorresFirm.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28